780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
WAYNE THOMAS GRAHAM, CHARLES CONLEY, Plaintiffs-Appellees,
v.
GEORGE W. WILSON, et al. Defendants,
JOHN REES and LT. ROSALIND RUSSELL, Defendants-Appellants.
 84-5413
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and GIBBONS[1], District Judge.
 PER CURIAM.
 
 
 1
 Defendants/Appellants John Rees and Rosiland Russell appeal from a jury verdict awarding plaintiffs/appellees Wayne Graham and Charles Conley damages for civil rights violations under 42 U.S.C. Sec. 1983.[2]
 
 
 2
 Plaintiffs were incarcerated at the Kentucky State Reformatory in March, 1982, the time at which this cause of action arose. They were originally suspected of involvement in a plan pursuant to which they threatened to contaminate prison food with cyanide unless they were granted certain favors by prison authorities. Because of this suspected involvement and pursuant to prison regulations, plaintiffs were issued disciplinary reports and brought before a prison adjustment committee, then chaired by defendant Russell.[3] As a result of the adjustment committee's decision, each plaintiff forfeited 60 days of good time and was subsequently transferred to the Kentucky State Penitentiary. Subsequent to the denial of a post-hearing appeal by Warden Rees, plaintiffs initiated this action in federal district court charging, inter alia, that they were denied certain procedural safeguards to which they were entitled under the Constitution and prison regulations governing institutional disciplinary proceedings. After plaintiffs presented their case in chief, defendants moved for directed verdicts which were denied as to Rees and Russell. The jury returned a unanimous verdict in favor of plaintiffs, awarding each $500 in damages, and the defendant's motions for judgment notwithstanding the verdict were denied.
 
 
 3
 Defendants first contend that the trial court erred in denying their motions for a directed verdict. In ruling on a motion for a directed verdict 'the trial judge does not weigh the evidence. Rather, the judge views the evidence, and the inferences to be drawn therefrom in the light most favorable to the nonmoving party . . . The trial court may only grant the directed verdict 'if there is a complete absence of pleading or proof of an issue or issues material to the cause of action or where there are no controverted issues of fact upon which reasonable minds could differ." Hersch v. United States, 719 F.2d 873, 876-77 (6th Cir. 1983). The reviewing court must apply the same standard. Id.
 
 
 4
 The seminal case delienating the limited due process requirements to be afforded inmates in disciplinary hearings is Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Those requirements are:
 
 
 5
 1. Advance written notice of the infractions asserted to have been committed by the immate.
 
 
 6
 2. The right to call witnesses and present documentary evidence in his defense when the exercise of this right will not be unduly hazardous to institutional safety or goals.
 
 
 7
 3. An impartial panel which may include members of the prison administration.
 
 
 8
 4. A written statement by the fact-finding panel as to the evidence relied upon and the reasons for the disciplinary action.
 
 
 9
 A review of the record readily discloses that a material issue of fact was presented concerning Graham's limited right to call witnesses at the adjustment committee hearing. Thus, the district court properly denied defendants' motions for directed verdicts.
 
 
 10
 Defendants next argue that the trial court erred in denying their motions for judgment notwithstanding the verdict. This motion should not be granted unless the district court concludes that the evidence discloses that there is but one reasonable conclusion as to the proper verdict. Judgment notwithstanding the verdict is not to be granted if there is any conflict in the evidence, and the credibility of evidence is not to be considered in passing on this motion Reeves v. Power Tool, Inc., 474 F.2d 375, 380 (6th Cir. 1973). On appeal, this standard remains the same. Scharfenberger v. Wingo, 542 F.2d 328, 333 (6th Cir. 1976).
 
 
 11
 Since this court has already concluded that there were clear onflicts in the evidence, the defendants' motions for judgment notwithstanding the verdict were properly denied. Accordingly, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Hon. Julia Gibbons, United States District Judge, United States District Court, Western District of Tennessee, sitting by designation
 
 
 [2]
 A third original plaintiff, Ronald Hampton, was dismissed by order of the district court on January 12, 1984, and is not a party to this appeal
 
 
 [3]
 There were five original defendants; George Wilson, Secretary of Kentucky Corrections Cabinet; John Rees, KSR Warden; James Stephens, Assistant Warden; Jim Grider, Chairman of the KSR Classification Committee; and Russell. The motions for directed verdicts by Wilson, Stephens and Grider were granted by the district court leaving only Rees and Russell as appellants before this court